IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH BOYD *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:23-342 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| SHRINERS HOSPITAL FOR CHILDREN, *et al.* | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**I.  MEMORANDUM**

Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19) will be granted.  Plaintiffs – four former Shriners' employees – filed the instant Complaint after being discharged for choosing not to vaccinate for Covid-19 as required by Shriners' policy.  Plaintiffs' lawsuit is one of numerous cases raising analogous claims filed throughout the country by employees terminated for failure to comply with similar COVID-19 vaccine mandates.[1]  None of these cases have survived a motion to dismiss.  The

---

[1] *See, e.g.,* Bridges v. Methodist Hosp., No. 4:23-CV-1699, 2024 WL 4354816 (S.D. Tex. Sept. 30, 2024); Timken v. S. Denver Cardiology Assocs., P.C., No. 23-CV-02859-GPG-SBP, 2024 WL 4407003, at *2 (D. Colo. Aug. 29, 2024) (citing additional cases); Horsley v. Kaiser Found. Hosps., Inc., ___ F. Supp. 3d___, No. 23-CV-05628-AMO, 2024 WL 3956313, at *7 (N.D. Cal. Aug. 26, 2024); Sweeney v. Univ. of Colorado Hosp. Auth., No. 23-CV-02451-NYW-MDB, 2024 WL 3713835 (D. Colo. July 12, 2024); Pearson v. Shriners Hosps. for Child., No. 3:23-CV-387, 2024 WL 3022397 (S.D. Tex. June 7, 2024) (agreeing that  that Shriners' termination decisions were "unmoored" from any responsibilities it may have had as a medical provider under the EUA); Roberts v. Shriners Hospitals for Children, No. 2:23-cv-0295 (E.D. Wash. Feb. 8, 2024); Curtis v. PeaceHealth, No. 3:23-CV-05741-RJB, 2024 WL 248719 (W.D. Wash. Jan. 23, 2024).  Some of these cases involve the same 100-plus pages of allegations, most of which cite legal authority of limited relevance, brought by the same counsel.  Although several of these cases currently are on appeal, the Court remains persuaded by their reasoning.

Court has carefully considered the arguments and authority cited by the parties, as well as the orders of the other courts addressing the same issues. The Court finds Defendants' arguments and the other courts' decisions persuasive and will dismiss Plaintiffs' claims for essentially the same reasons.

### A.   Section 1983 – State Action

As a threshold matter, Plaintiffs' Section 1983 claims set forth in Counts I-VII of the Complain fail as a matter of law because Defendants are not state actors within the meaning of that statute. *See* Groman v. Twp. of Malapan, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is the threshold issue; there is no liability under § 1983 for those not acting under color of law."). As Defendants aptly explain in their briefing, a "private nonprofit hospital, along with its officers and employees, do not qualify as state actors when they make corporate decisions, including by setting internal policies intended to protect their staff and patients and their families." Defs.' Br. Supp. (Doc. 20) at 15. Indeed, all of the courts to address this issue in the context of Covid-19 vaccine mandates have reached an identical conclusion. *See supra* n.1 (citing cases).

Here, Plaintiffs nevertheless attempt to paint these private defendants as state actors under (1) the public functions test; (2) the symbiotic relationship test; and/or (3) the state-enforced customs test. *See* Compl. ¶¶ 312-348; Pl. Br. Opp. (Doc. 23) at 9-17; *see also* Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (outlining these three tests under which a private party may be deemed a state actor). Even taking the Complaint's factual allegations as true, Plaintiffs' efforts are unavailing.

First, the crux of the public functions test is "whether the function performed has been traditionally the exclusive prerogative of the State." Bishop v. Univ. of Scranton, No. 3:22-CV-01831, 2023 WL 4565468, at *3 (M.D. Pa. July 17, 2023) (quoting Rendell-Baker v. Kohn, 457 U.S.

830, 842 (1982)); *see also* Evans v. Newton, 382 U.S. 296, 299 (1966) ("[W]hen private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations."). This test imposes a "heavy burden" that is "rarely met." Bishop, 2023 WL 4565468, at *3 (citing Robert S. v. Stetson Sch., Inc., 256 F.3d 159, 165 (3d Cir. 2001)). The Court agrees with the weight of authority addressing this issue that a private entity's creation and implementation of a Covid-19 vaccine policy for its employees fails to meet this exacting standard. *See* Defs.' Br. Supp. (Doc. 20) at 16 & n.8 (citing numerous cases, including cases involving other Shriners' hospitals).

Second, the "symbiotic relationship test" deems a private party a state actor if "the state has so far insinuated itself into a position of interdependence [with the private party] that it must be recognized as a joint participant in the challenged activity, which on that account, cannot be considered to have been so purely private as to fall without the scope of the Fourteenth Amendment." Chrupcala v. Chester Cnty. Hosp., No. CIV.A. 00-6027, 2003 WL 21088476, at *3 (E.D. Pa. Jan. 29, 2003) (citing Burton v. Wilmington Parking Auth., 365 U.S. 715 (1961)). Here, the Complaint alleges that Pennsylvania's COVID-19 emergency medical countermeasure program is "intimately regulated, licensed, and funded" such that it must be recognized as a "joint participant" in Shriners' vaccination policy. *See, e.g.*, Compl. ¶ 316. As Defendants correctly note, however, financial assistance and state regulation are insufficient to render the actions of a private institution "state actions," even if such regulation is pervasive, extensive, and detailed. *See* Defs.' Br. Supp. (Doc. 20) at 17; *see also, e.g.,* Horsley, 2024 WL 3956313, at *7 (rejecting "symbiotic relationship" theory in vaccination mandate context); Klavan v. Crozer-Chester Medical Ctr., 60 F. Supp.2d 436, 441 (E.D. Pa. Aug. 16, 1999); Nicastro v. Frankford Hosp., No. CIV.A. 03-CV-3937, 2004 WL 86658, at *3 (E.D. Pa. Jan. 19, 2004); Chrupcala, 2003 WL 21088476, at **4-5. Consistent with this authority,

the Court finds that the Complaint's allegations fail to demonstrate a degree of interdependence sufficient to deem them state actors under a symbiotic relationship theory.

Third, the "state-enforced customs test" is not met because that test requires action under direction of policy or custom having the force of law advanced by the state. *See* <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 163-69 (1970). Here, Plaintiffs contend that Defendants "acted in conformity with a state custom when it penalized potential recipients (i.e., Plaintiffs) for exercising their federal right to refuse an EUA/PREP Act drug." Pls. Opp. Br. (Doc. 23) at 16-17. This argument misses the mark. As Defendants repeatedly point out, even assuming for purposes of this Motion that Shriners Children's, as a healthcare provider, administered Covid-19 vaccines to the public pursuant to a government program, that action had nothing to do with Shriners Children's, as a private employer, requiring employees to get a vaccine, wherever they chose to do so. Moreover, and in any event, Plaintiffs ignore the ample caselaw rejecting similar arguments and holding that facilitation of a government-funded vaccine program is not a public function that somehow converts a private entity into a state actor. *See, e.g.*, Defs. Br. (Doc. 20) at 17, and cases cited therein; *see also, supra* n.1 (citing cases); <u>Menze v. Astera Health</u>, No. 0:23-CV-03901 (KMM/LIB), 2024 WL 4602730, at *6 (D. Minn. Sept. 30, 2024).

Because Defendants are private entities and individuals, and not state actors within any interpretation of Section 1983, Counts I-VII of the Complaint fail to state a claim upon which relief may be granted and must be dismissed. The Court finds that amendment of the Complaint on this point would be futile and, therefore, the dismissal will be with prejudice.[2]

---

[2] Because the state action element is dispositive, the Court does not address Defendants' additional arguments supporting dismissal of the Section 1983 claims.

### B. Implied Private Right of Action – 21 U.S.C. § 360bbb-3

In Count XI of the Complaint, Plaintiffs alternatively argue that, even absent state action, the EUA statute, 21 U.S.C. § 360bbb-3, implies a private right of action. *See* Compl. ¶¶ 525-527. As Defendants correctly note, however, courts that have considered this issue uniformly have rejected this argument. *See* Defs.' Br. (Doc. 20) at 16 & n.10 (citing cases); *see also* Bridges, 2024 WL 4354816, at **2-3 & n.3; Timken, 2024 WL 4407003, at *4; Horsley, 2024 WL at 3956313, at *7; Sweeney, 2024 WL 3713835, at *19; Pearson, 2024 WL 3022397, at *4 & n.*. Because Section 360bbb-3 does not create a private right of action as a matter of law, Count XI of the Complaint will be dismissed with prejudice.

### C. Supplemental Jurisdiction

Plaintiffs' remaining claims sound under state law, implicating this Court's supplemental subject-matter jurisdiction under 28 U.S.C. § 1367. *See* Compl. ¶ 24 (invoking supplemental jurisdiction as to the state-law claims). Under 28 U.S.C. § 1367(c)(3), when all the "federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998). Accordingly, the Court dismisses the remaining state-law claims (Counts VIII-X) without prejudice for lack of subject-matter jurisdiction.

## II. ORDER

Consistent with the foregoing, Defendants' Motion to Dismiss (Doc. 19) is **GRANTED.** Counts I, II, III, IV, V, VI, VII and XI of Plaintiffs' Complaint are **DISMISSED WITH PREJUDICE.** The Court declines to exercise supplemental jurisdiction over Counts VIII, IX and X of the Complaint, and those counts are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3). This case shall be marked **CLOSED.**

IT IS SO ORDERED.

December 30, 2024                                              s/Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record